POWERS KIRN, LLC
By: Jill Manuel-Coughlin, Esquire
ID# 63252
8 Neshaminy Interplex, Suite 215
Trevose, PA 19053
Telephone: 215-942-2090
Attorney for Movant/ 20-0116

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| IN RE:<br>Gilberto Aponte<br><br>                                  Debtor(s) | Chapter 13 Proceeding<br><br>20-10808-ELF |
|---|---|
| Wells Fargo USA Holdings, Inc.<br>                                  Movant<br>v.<br>Gilberto Aponte<br>Wilma L. Aponte (Co-Debtor)<br>and<br>William C. Miller, Esquire<br>                                  Respondents | |

### CONSENT AGREEMENT REGARDING RELIEF FROM THE AUTOMATIC STAY

WHEREAS, the parties hereto and their respective counsel, have agreed to enter into a Consent Agreement Regarding Relief from the Automatic Stay, pertaining to Wells Fargo US Holdings, Inc.'s (represented by Jill Manuel-Coughlin, Esquire), secured interest in real property located at 419 Selma Street, Philadelphia, PA 19116.

NOW, THEREFORE, intending to be legally bound, the parties hereto, herewith stipulate as follows:

1. The Automatic Stay as provided by Section 362 and Section 1301 of the Bankruptcy Code shall remain in full force and effect conditioned upon the terms and conditions set forth herein.

2. This Consent Agreement pertains to the property located at 419 Selma Street, Philadelphia, PA 19116, mortgage account ending with 9017.

3. Upon approval by the United States Bankruptcy Court of the within Consent Agreement, Debtor(s) and Movant, agree to the following:

   (a) Parties acknowledge that the current regular post-petition payment is **$198.15**.

   (b) Parties acknowledge that the following amounts are currently due post-petition:

   | Monthly Payments: (09/01/2020 – 04/01/2021) | $1,585.20 |
   |---|---|
   | Less Debtor Suspense: | ($174.63) |
   | **Total Post-Petition Arrearage:** | **$1,410.57** |

   (c) Commencing with the May 1, 2021 payment the Debtor(s) shall resume and shall continue to make all regular monthly post-petition payments when they are due in accordance with the terms of the Note & Mortgage.

(d) The parties agree that Movant's Debtor defaulted August, 20, 2018 and that the outstanding balance is now due and owing.

(e) Debtor(s) agree/s to Amend the Chapter 13 Plan to include the aforementioned post-petition delinquency in the amount of $1,410.57, representing all arrearages due through April 1, 2021, as part of a Total Debt Claim in the amount of $11,888.87 to be paid by the Trustee over the life of the instant case. Debtor(s) agree/s to amend the Chapter 13 Plan within thirty (30) days of the filing of this Consent Agreement. The parties agree that Movant may file a Notice of Post-Petition Fees, Charges and Expenses as a supplement to the filed Proof of Claim for the above-stated amount and that same shall be deemed approved upon entry of the Order approving this Consent Agreement.

(f) If sufficient proof is provided (front and back copies of checks or money orders) of payments made, but not credited, the account will be adjusted accordingly.

(g) All post-petition payments from Debtor(s) to Movant shall be sent to Wells Fargo Bank, N.A., Attn: Payment Processing, MAC # F2302-04C, 1 Home Campus, Des Moines, IA 50328.

(h) The provisions of the Consent Agreement do not constitute a waiver by Movant of its right to seek reimbursement of any amounts not included in this Consent Agreement, including fees and costs, due under the terms of the contract and applicable law. Also, all allowed fees and costs due to Movant as stated on any Post-Petition Fee Notices filed with the court shall be paid prior to the entry of a Discharge Order.

(i) The Debtor(s) shall timely tender all payments and comply with all conditions in accordance with this Consent Agreement. If such payments or conditions are not timely made, or if the case should convert to a Chapter 7 Bankruptcy, Movant may provide the Debtor(s) and their counsel with fifteen (15) days written notice of default. If the default is not cured within the fifteen (15) day period, Movant may certify the default to this Court and an Order shall be entered granting Movant relief from the automatic stay without further notice and hearing and waiving FED. R. Bankr. P. 3002.1 and waiving Rule 4001 (a)(3) so that the Relief Order is immediately effective and enforceable.

(j) The parties agree that a facsimile may be submitted to the Court as if it were an original.

STIPULATED AND AGREED TO BY:

_____
**Brad J. Sadek,** Esquire
Attorney for Debtor(s)
Date:

/s/LeRoy W. Etheridge, Esq. for William C. Miller, Esq.*
William C. Miller, Esquire
Trustee
Date: 06/28/2021

*Without prejudice to any rights or remedies available to the Chapter 13 Standing Trustee

/s/ Jill Manuel-Coughlin
Jill Manuel-Coughlin, Esquire
Attorney for Movant
Date:

On this ____ day of _____, 2021, approved by the Court.

_____
United States Bankruptcy Judge
Eric L. Frank