IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In Re, | Bankruptcy No. 20-10808-mdc |
| GILBERTO APONTE, | Chapter 13 |
| Debtor, | Document No. 84, 87 |
| TOYOTA MOTOR CREDIT CORPORATION, | |
| Movant, | |
| v. | |
| GILBERTO APONTE, and KENNETH E. WEST, Trustee, | |
| Respondents. | |

STIPULATION RESOLVING MOTION FOR RELIEF FROM THE AUTOMATIC STAY

AND NOW, comes Movant, Toyota Motor Credit Corporation. (the "Movant"), by and through its undersigned counsel, Bernstein-Burkley, P.C., and, Debtor, Gilberto Aponte (the "Debtor"), by and through her undersigned counsel, Brad J. Sadek, Esquire, and together file this *Stipulation Resolving Motion for Relief from the Automatic Stay* (the "Stipulation"), stating as follows:

1. The automatic stay as provided by Section 362 of the Bankruptcy Code shall remain in full force and effect conditioned upon the terms and conditions set forth herein.

2. Movant holds a secured interest in the 2015 Toyota RAV4 Utility 4D XLE AWD, VIN# 2T3RFREV6FW265461 (hereinafter the "Vehicle"), pursuant to a Retail Installment Sale Contract (the "Contract").

3. As of the date of this Stipulation, the Debtor is in default of his post-petition payment obligations to Movant in the amount of $746.57

4. The Debtor will cure the remaining post-petition arrears and he will continue to make regular monthly payments for the Vehicle in a timely manner hereafter beginning with April 8, 2023 payment and each month thereafter.

5. If the Debtor defaults in any further payments, Movant may send the Debtor and his counsel a written notice of default of this Stipulation. Movant may send the written notice by fax or e-mail, instead of or in addition to regular mail. If the default is not cured within ten (10) days of the date of the notice, counsel for Movant may file a Certification of Default with the Court and the Court shall enter an Order granting Movant relief from the automatic stay as to the Property without further hearing.

6. In the event the instant bankruptcy case is converted to a case under Chapter 7 of the Bankruptcy Code, the Debtor shall cure the pre-petition and post-petition arrears within ten (10) days from the date of such conversion. Should the Debtor fail to cure said arrears within the ten-day period, such failure shall be deemed a default under the terms of this Stipulation Movant may serve a notice of default and intent to file Certification of Default but Debtor will not be granted an opportunity to cure the default. Instead, a Certification of Default will be immediately filed with the Court.

7. This Stipulation may only be modified by a revised Stipulation filed on the docket in the Bankruptcy. No oral modifications are permitted and any allegation that the Stipulation was modified orally will be disregarded as evidence. No written modifications are permitted, except for a revised Stipulation filed on the docket in the Bankruptcy.

Agreed to by:

By: /s/ *Keri P. Ebeck*  
Keri P. Ebeck, Esq.  
PA I.D. # 91298  
kebeck@bernsteinlaw.com  
601 Grant Street, 9th Floor  
Pittsburgh, PA 15219  
412-456-8112  

*Counsel for Toyota Motor Credit Corporation*

By: /s/ *Brad J. Sadek*  
Brad J. Sadek, Esq.  
PA I.D.# 90488  
brad@sadeklaw.com  
1500 JFK Boulevard, Ste 220  
Philadelphia, PA 19102  
215-545-0008  

*Counsel for Gilberto Aponte*

Dated: March 23, 2023